UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRAVIS FRANKLIN,<br><br>        Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>        Defendant. | Case No. 25-cv-03657-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART; AND DENYING AS MOOT ALTERNATIVE MOTION TO STRIKE**<br><br>[Re: ECF No. 18] |

Plaintiff Travis Franklin ("Franklin") was employed by Defendant Home Depot U.S.A., Inc. ("Home Depot"). ECF 1-1, Notice of Removal Ex. A ("Compl.") ¶ 3. Franklin alleges that Home Depot failed to pay minimum wages or overtime, provide meal and rest periods, reimburse business expenses, provide accurate wage statements, pay final wages due upon separation, or pay proper sick leave. ¶¶ 8–22. He brings this putative class action for alleged unfair business practices and violations of wage and hour laws.

Before the Court is a motion to dismiss Franklin's complaint. ECF No. 18 ("Mot."). Franklin filed a brief in opposition, ECF No. 32 ("Opp."), and Home Depot submitted a reply, ECF No. 36 ("Reply"). Oral argument was heard on September 18, 2025. *See* ECF No. 40.

For the reasons summarized by the Court on the record and explained below, the motion to dismiss is GRANTED WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART, and the alternative motion to strike is DENIED AS MOOT.

I.   **BACKGROUND**

Plaintiff filed this putative class action in the Superior Court of California County of

1  Monterey on March 21, 2025, asserting claims for unfair competition and violations of the

2  California Labor Code against his former employer, Home Depot.  *See generally* Compl.  Home

3  Depot removed the action to federal district court on April 25, 2025.  *See* ECF No. 1.

4        The Complaint alleges nine claims against Defendant: (1) Unfair Competition (Bus. &

5  Prof. Code §§ 17200 *et seq*.) ("UCL"); (2) Failure to Pay Minimum Wages (Labor Code §§ 1194,

6  1197, and 1197.1); (3) Failure to Pay Overtime (Labor Code § 510); (4) Failure to Provide Meal

7  Periods (Labor Code §§ 226.7 and 512, and the Applicable IWC Wage Order); (5) Failure to

8  Permit Rest Periods (Labor Code §§ 226.7 and 512, and the Applicable IWC Wage Order); (6)

9  Failure to Provide Accurate Itemized Wage Statements (Labor Code § 226); (7) Failure to

10  Reimburse Business Expenses (Labor Code § 2802); (8) Failure to Pay All Wages When Due

11  (Labor Code §§ 201, 202, and 203) (i.e., Waiting Time Penalties); and (9) Failure to Correctly Pay

12  Paid Sick Leave (Labor Code §§ 201-203, 233, 246).  Compl. ¶¶ 44–115.

13        The UCL claim is asserted on behalf of a putative "California Class."  *Id.* ¶ 25.  This

14  putative class is comprised of "non-exempt" "individuals who are or previously were employed"

15  by Defendant Home Depot in California during the "California Class Period."  *Id.*  It includes

16  "any employees staffed with Defendant by a third party."  *Id.*  The California Class Period is

17  defined as the period beginning four years prior to the filing of the complaint and ending at a date

18  to be determined by the Court.  *Id.*

19        The other eight claims are brought on behalf of a putative "California Labor Sub-Class."

20  *Id.* ¶ 35.  This class is a subset of the California Class.  *Id.*  It is comprised of "non-exempt"

21  "individuals who are or previously were employed" by Defendant Home Depot in California

22  during the "California Labor Sub-Class Period."  *Id.*  It likewise includes "any employees staffed

23  with Defendant by a third party."  *Id.*  The California Labor Sub-Class Period is defined as the

24  period beginning three years prior to the filing of the complaint and ending at a date to be

25  determined by the Court.  *Id.*

26        The asserted violations of the Labor Code are set forth in the form of boilerplate

27  allegations.  The Complaint alleges that, for example, "[f]rom time to time," Home Depot "failed

28  to provide Plaintiff and the other members of the California Class with complete and accurate

2

wage statements, which failed to show, among other things, the correct gross and net wages earned." *Id.* ¶ 14. Defendant also "failed to provide all the legally required off-duty meal and rest breaks" and failed to pay Plaintiff "all minimum and overtime wages due" to him. *Id.* ¶ 22.

The Complaint states little about Plaintiff's employment relationship with Defendant. In addition to the boilerplate allegations, Plaintiff alleges that he and other class members were required to "submit to mandatory temperature checks and symptom questions for COVID-19 screening prior to clocking into Defendant's timekeeping system for the workday." *Id.* ¶ 8. Even after reading the Complaint closely, the Court cannot tell based on the allegations therein what job Plaintiff held, whether he personally experienced harm from any of the alleged wrongful conduct, what jobs the putative class members held, or whether Plaintiff and the putative class members had the same job classification.

Defendant now moves to dismiss all claims under Rule 12(b)(6). Defendant also moves to dismiss the class allegations under Rule 12(b)(6) or, in the alternative, to strike them under Rule 12(f).

## II. LEGAL STANDARD

### A. Motion to Dismiss

Dismissal of a complaint is appropriate under Federal Rule of Civil Procedure 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). When considering a Rule 12(b)(6) motion, a court must "take all allegations of fact as true and construe them in the light most favorable to the nonmoving party." *Id*. While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Generally, compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim." *Mish v. TForce Freight, Inc.*, No. 21-CV-04094-EMC, 2021 WL 4592124, at *8 (N.D. Cal. Oct. 6, 2021) (internal quotation marks and citation omitted). However, "district courts do dismiss class allegations on a 12(b)(6) motion, applying the *Twombly*/*Iqbal* standard, where the

complaint lacks *any* factual allegations and reasonable inferences that establish the plausibility of class allegations." *Id.*

### B.     Motion to Strike

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009).

### C.     Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1051–52. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* at 1052. However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

## III.    DISCUSSION

Defendant moves to dismiss all claims in the Complaint under Rule 12(b)(6). Defendant also moves to dismiss the class allegations under Rule 12(b)(6) or, in the alternative, to strike the class allegations under Rule 12(f).

At the hearing, the Court advised Plaintiff's Counsel that the Complaint is wholly inadequate. The Court pointed out that the Complaint does not even allege what job Plaintiff performed while employed by Home Depot. The Court also discussed with Plaintiff's Counsel numerous other deficiencies in the Complaint, including the failure to allege any facts regarding the alleged Labor Code violations, and the failure to allege that Plaintiff lacks an adequate remedy at law as required to maintain the UCL claim.

Given its colloquy with Plaintiff's Counsel at the hearing, the Court discusses the deficiencies in the Complaint only briefly in this order.

### A.  Failure to Plead Facts Supporting Alleged Labor Code Violations

Defendant moves to dismiss Claims 2–9 for violations of various provisions of the California Labor Code on the ground that those claims are comprised entirely of conclusory, boilerplate allegations. Mot. at 8–17.

The Court agrees. The Complaint does not contain a single fact specific to the conduct of Defendant or the experience of Plaintiff in particular. To highlight one example, Plaintiff alleges that Defendant had a policy that restricted "unconstrained walks" and did not allow workers to "leave the work premises during their rest period." Compl. ¶ 12. But he provides no allegations about whether and how this policy impacted him. Likewise, the complaint alleges that Plaintiff was denied "accurate compensation" for "overtime worked, including overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek. *Id.* ¶ 77. Yet the complaint "fails to identify any specific workweek in which Defendant's alleged practices required him to work without appropriate compensation." *Picou v. Tracy Logistics LLC*, No. 2:24-cv-00526-DC-JDP, 2025 WL 1248729, at *9 (E.D. Cal. Apr. 30, 2025) (dismissing claims for failure to pay overtime and minimum wages).

The generalized allegations set forth in the Complaint are insufficient to support Plaintiff's claims for wage and hour violations. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), *as amended* (Jan. 26, 2015) (finding "generalized allegations asserting violations of the minimum wage and overtime provisions" insufficient to state a claim); *see also Boyack v. Regis Corp.*, 812 F. App'x 428, 431 (9th Cir. 2020) ("Appellants failed to plead sufficiently their claims for failure to pay wages owed upon termination or resignation, inaccurate wage statements, and unfair business practices because each claim provides only conclusory allegations reciting the statutory elements."). Accordingly, Claims 2–9 are subject to dismissal for failure to allege any facts in support of the alleged violations of the California Labor Code.[1]

---

[1] Because the Court dismisses Plaintiff's sick leave claim as insufficiently pled, the Court does not reach Defendant's other arguments regarding the purported deficiencies of the sick leave claim.

### B. Claim 1 Under California Business Code § 17200

Defendant also moves to dismiss Claim 1 brought under California's UCL because the claim is grounded in Defendant's insufficiently pled violations of the California Labor Code. Mot. at 17–18. Because Plaintiff's UCL claim is predicated on the violations inadequately alleged in Claims 2–9, the Court finds that Claim 1 is likewise subject to dismissal. *See Short v. ZBS Law LLP*, No. 24-cv-07908-RFL, 2025 WL 1069888, at *5 (N.D. Cal. Apr. 8, 2025). Moreover, to the extent Plaintiff seeks injunctive relief, he lacks Article III standing because he is no longer employed by Defendant. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364 (2011).

### C. Class Allegations

Defendant moves to dismiss Plaintiff's class allegations under Rule 12(b)(6) or, in the alternative, to strike them under Rule 12(f). As Defendant points out, the Complaint is devoid of any facts that could support a plausible inference that all members of the two putative classes suffered violations of the California Labor Code. Mot. at 19–20. Plaintiff argues that his class claims are "in compliance" with the Federal Rules and that Defendant's motion to "pre-adjudicate" a future class certification motion is improper at the motion to dismiss stage. Opp. at 16.

The Court finds that this is one of the rare cases in which dismissal of class allegations under Rule 12(b)(6) is appropriate, because "the complaint lacks *any* factual allegations and reasonable inferences that establish the plausibility of class allegations." *Mish*, 2021 WL 4592124, at *8 (internal quotation marks and citation omitted). The Court will grant the motion to dismiss the class allegations under Rule 12(b)(6) and will deny as moot the alternative motion to strike the class allegations in the Complaint under Rule 12(f).

### D. Leave to Amend

Having concluded that the claims and class allegations in the Complaint are subject to dismissal, the Court must determine whether leave to amend is appropriate. There is no evidence of undue delay, bad faith, failure to cure deficiencies, or undue prejudice to Defendant. Therefore, leave to amend turns on whether amendment would be futile. With the exception of the claim for

---

Mot. at 17.

6

injunctive relief, the Court finds that amendment would not be futile here, as Plaintiff's Counsel indicated at the hearing that additional facts could be alleged. However, any amendment to the claim for injunctive relief would be futile. Accordingly, leave to amend will be granted as to each of the claims other than the claim for injunctive relief. The Court will also grant leave to amend with respect to the class allegations.

* * *

The Court notes that its ruling is consistent with that in *Radford v. Nexstar Broadcasting, Inc*, No. 24-cv-08118-RFL, 2025 WL 829601 (N.D. Cal. Mar. 14, 2025). The Court observes an eerie similarity between the complaint at issue in *Radford* and the complaint here, which indicates that the Court may have been asked to evaluate a boilerplate document.

## IV. ORDER

(1) The motion to dismiss the Complaint is GRANTED as to all claims WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART, as follows:
   a. Leave to amend is GRANTED as to Claims 2–9;
   b. Leave to amend is GRANTED as to Claim 1 to the extent it seeks restitution; and
   c. Leave to amend is DENIED as to Claim 1 to the extent it seeks injunctive relief.
(2) The motion to dismiss the class allegations is GRANTED WITH LEAVE TO AMEND.
(3) Plaintiff SHALL file an amended complaint within 30 days after the date of this order, by **October 20, 2025**. Plaintiff may not add new claims or parties without express leave of the Court.

Dated: September 18, 2025

_____
BETH LABSON FREEMAN
United States District Judge