**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
Jeffrey S. Herman (State Bar #280058)
jeffrey@bamlawca.com
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVIS FRANKLIN, an individual, on behalf of himself and on behalf of all persons similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> HOME DEPOT U.S.A., INC., a corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 5:25-cv-03657-BLF <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** <br> 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200; <br> 2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; <br> 3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE § 510; <br> 4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; <br> 5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; <br> 6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; <br> 7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; <br> 8. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; and, <br> 9. FAILURE TO PAY SICK PAY WAGES IN VIOLATION OF CAL. LAB CODE §§201-203, 233, 246. <br><br> **DEMAND FOR A JURY TRIAL** |

1

1    Travis Franklin ("PLAINTIFF"), an individual, on behalf of himself and all other

2    similarly situated current and former employees alleges on information and belief, except for

3    his own acts and knowledge which are based on personal knowledge, the following.

4

5    **THE PARTIES**

6    1.    Home Depot U.S.A., Inc. ("DEFENDANT") is a corporation that at all relevant

7    times mentioned herein conducted and continues to conduct substantial business in California.

8    2.    DEFENDANT owns and operates home improvement retail stores in California.

9    3.    PLAINTIFF Travis Franklin was employed by DEFENDANT in California from

10    June of 2021 to July of 2024 as a night shift Travel Merchandising Execution Associate.

11    Plaintiff was based at the Home Depot retail store in Salinas, California, but would travel to,

12    and work at, other Home Depot stores in the surrounding area. PLAINTIFF was at all times

13    classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled

14    to the legally required meal and rest periods and payment of minimum and overtime wages due

15    for all time worked.

16    4.    PLAINTIFF brings this Class Action on behalf of himself and a California class,

17    defined as all individuals who are or previously were employed by DEFENDANT in California,

18    including any employees staffed with DEFENDANT by a third party, and classified as non-

19    exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning

20    March 21, 2021 and ending on the date as determined by the Court (the "CALIFORNIA CLASS

21    PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS

22    Members is under five million dollars ($5,000,000.00).

23    5.    PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA

24    CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during

25    the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which

26    failed to lawfully compensate these employees. DEFENDANT's policy and practice alleged

27    herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained

28    and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA

CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

6.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## THE CONDUCT

7.     Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. PLAINTIFF was required to clock in and out using a specific time clock located in the middle of the store, which was shared with other employees. As a result, there were frequent delays when clocking in, and PLAINTIFF was required to arrive early and regularly stand in line for up for at least three minutes under Defendant's control in order to clock in timely. It was also common practice for PLAINTIFF to arrive at work approximately ten to fifteen minutes before his scheduled start time to discuss assigned work with supervisors, including the status of current and future work projects, without being compensated for that time. DEFENDANT also had a uniform policy and practice of unlawfully requiring PLAINTIFF to answer phone calls to discuss work-related issues, despite being off the clock. Additionally, DEFENDANT regularly conducted work meetings to go over

1   procedures such as training modules with PLAINTIFF while he was clocked out for his meal
2   period. Thus, DEFENDANT requires PLAINTIFF and CALIFORNIA CLASS Members to
3   work without paying them for all the time they are under DEFENDANT's dominion and
4   control.

5       8.      DEFENDANT, as a matter of established company policy and procedure,
6   administers a uniform practice of rounding the actual time worked by PLAINTIFF and
7   CALIFORNIA CLASS Members, during a portion of the relevant time period, so that during
8   the course of their employment, PLAINTIFF and CALIFORNIA CLASS Members are paid less
9   than they would have been paid had they been paid for actual time rather than "rounded" time.
10  Specifically, PLAINTIFF and the CALIFORNIA CLASS Members would often arrive at work
11  before their scheduled start time, and during that time discuss their assigned work projects with
12  their supervisors, which was not reflected in the time clock system. To that end, as directed by
13  DEFENDANT through management and supervisors, including but not limited to supervisor
14  Matthew Castrajon, PLAINTIFF and CALIFORNIA CLASS Members  would clock in at their
15  scheduled time, despite engaging with management regarding assigned projects, not the time
16  they actually worked and were under DEFENDANT's dominion and control. As a result, their
17  recorded time did not accurately capture all of time worked. Thus, DEFENDANT knew or
18  reasonably should have known that their time clock system did not reflect actual time worked,
19  as PLAINTIFF and the CALIFORNIA CLASS Members were expressly required by
20  DEFENDANT's policies, procedures, and directives to round their time when entering it into
21  the online system. PLAINTIFF understands that the CALIFORNIA CLASS Members at his
22  location, and other locations, also received similar directives from their supervisors and
23  managers and recorded their time in the same or similar manner. Therefore, PLAINTIFF and
24  the CALIFORNIA CLASS Members recorded time did not accurately capture all of their actual
25  time worked.

26      9.      As a result of the foregoing, PLAINTIFF and other CALIFORNIA CLASS
27  Members forfeit minimum wage, and overtime wage compensation, by working without their
28  time being correctly recorded and without compensation at the applicable rates. Specifically,

DEFENDANT failed to pay PLAINTIFF for all wages due for the following pay periods: 4/29/2024-5/12/2024; 5/13/2024-5/26/2024; 5/27/2024-6/09/2024; 6/10/2024-6/23/2024. To the extent that the time worked off the clock does not qualify for overtime premium payment, DEFENDANT fails to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1. DEFENDANT's policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

10.    DEFENDANT required PLAINTIFF and the CALIFORNIA CLASS Members to complete their work assignments within unrealistic time frames, and therefore PLAINTIFF and the CALIFORNIA CLASS Members were from time to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of duty for their meal periods. DEFENDANT required PLAINTIFF to work while clocked out during what is supposed to be PLAINTIFF's off-duty meal break. Specifically, DEFENDANT, including manager Matthew Castrajon, forced PLAINTIFF to clock out on the time clock for his meal break, and keep working as his assignment was "time sensitive." Specifically, during the following pay periods (and potential other pay periods as well), PLAINTIFF either took a late meal period, had a shortened meal period, or was interrupted by DEFENDANT during his period, on at least four occasions: 4/29/2024-5/12/2024; 5/13/2024-5/26/2024; 5/27/2024-6/09/2024; and 6/10/2024-6/23/2024. PLAINTIFF was also commonly interrupted during this specific time period due to phone calls and text messages from his supervisors, including, but not limited to, Matthew Castrajon, and other co-workers while taking his meal period. PLAINTIFF's meal period were also interrupted by supervisors, including but not limited to Matthew Castrajon, who used PLAINTIFF and the CALIFORNIA CLASS Members' meal period to conduct work meetings, and used the time to discuss the status of current and future work assignments. Thus, PLAINTIFF understands that the CALIFORNIA CLASS Members from time to time had meal and rest period that were untimely, short and interrupted. DEFENDANT knew or reasonably should have known PLAINTIFF and the CALIFORNIA CLASS Members were being interrupted during what should have been their off-duty meal periods, but failed to take any

1    action to further prevent meal break violations and remedy past violations. Therefore, as

2    described above, PLAINTIFF and other CALIFORNIA CLASS Members were interrupted

3    during their meal breaks, and were required from time to time to perform work as ordered by

4    DEFENDANT for more than five (5) hours during some shifts without receiving a meal break.

5    A review of PLAINTIFF's wage statements reveals DEFENDANT failed to pay PLAINTIFF

6    any meal break penalties in any of the following pay periods: 4/29/2024-5/12/2024; 5/13/2024-

7    5/26/2024; 5/27/2024-6/09/2024; and 6/10/2024-6/23/2024, which are examples, without

8    limitation, of instances where he experienced meal and rest violations as described above.

9        11.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other

10   CALIFORNIA CLASS Members were also required from time to time to work in excess of four

11   (4) hours without being provided ten (10) minute rest periods.  Additionally, the applicable

12   California Wage Order requires employers to provide employees with off-duty rest periods,

13   which the California Supreme Court defined as time during which an employee is relieved from

14   all work related duties and free from employer control.  In so doing, the Court held that the

15   requirement under California law that employers authorize and permit all employees to take rest

16   period means that employers must relieve employees of all duties and relinquish control over

17   how employees spend their time which includes control over the locations where employees

18   may take their rest period. Due to DEFENDANT's demands, and the work duties of

19   PLAINTIFF and the CALIFORNIA CLASS Members were required by DEFENDANT to

20   perform, PLAINTIFF and the CALIFORNIA CLASS Members were not provided with timely,

21   uninterrupted, duty-free rest periods.  Specifically, due to the nature of the work assignments,

22   PLAINTIFF and the CALIFORNIA CLASS Members regularly could not take their scheduled

23   rest break until they finished their assigned projects. PLAINTIFF's rest breaks were commonly

24   interrupted by supervisors, including but not limited to supervisor Matthew Castrajon, who

25   ordered him to resume his work projects before his breaks were completed. In accordance with

26   DEFENDANT's policy and practice, many of PLAINTIFF and the CALIFORNIA CLASS

27   Members' work assignments had to be completed before the next shift began, such as installing

28   shelving units and hooks, and emptying merchandise bays, which directly resulted in

PLAINTIFF and the CALIFORNIA CLASS Members working through their rest breaks. Additionally, much like with meal breaks, PLAINTIFF would receive phone calls and emails from his supervisors, including but limited to Matthew Castrajon, and co-workers during what should have been his uninterrupted, duty-free rest breaks. Because PLAINTIFF received phone calls and text messages during rest and meal breaks, he is informed, believes and thereon alleges that the CALIFORNIA CLASS Members also received phone calls and text messages during meal and rest breaks. As such, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. DEFENDANT knew or reasonably should have known PLAINTIFF and the CALIFORNIA CLASS Members were being interrupted during what should have been their off-duty rest periods, but failed to take any action to prevent further rest break violations and/or remedy past violations. PLAINTIFF and the CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. PLAINTIFF's wage statements from pay periods 4/29/2024-5/12/2024; 5/13/2024-5/26/2024; 5/27/2024-6/09/2024; and 6/10/2024-6/23/2024 identify the lack of any single meal or rest period premium payment paid to PLAINTIFF.

12.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of  the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  PLAINTIFF and CALIFORNIA CLASS Members were paid on an hourly basis. However, PLAINTIFF and the CALIFORNIA CLASS Members experienced frequent delays when clocking in, and would regularly be required to arrive early to stand in line for up to three minutes while under Defendant's dominion and control. It was

also common practice for PLAINTIFF to arrive at work approximately ten to fifteen minutes before his scheduled start time to discuss assigned work with supervisors, including the status of current and future work projects, without being compensated for that time. DEFENDANT also had a uniform policy and practice of unlawfully requiring PLAINTIFF to answer phone calls to discuss work-related issues, despite being off the clock. Additionally, DEFENDANT regularly conducted work meetings to go over procedures such as training modules with PLAINTIFF while he was clocked out for his meal period. Therefore, the hours worked on PLAINTIFF and the CALIFORNIA CLASS Members' wage statements almost always inaccurately reflect an incorrect number being paid. As a result, PLAINTIFF and the CALIFORNIA CLASS Members were paid less than they would have been had they ben paid for all time worked. Similarly, a review of PLAINTIFF's wage statements also reveals DEFENDANT failed to pay PLAINTIFF any meal break penalties from pay periods 4/29/2024-5/12/2024; 5/13/2024-5/26/2024; 5/27/2024-6/09/2024; and 6/10/2024-6/23/2024, even though PLAINTIFF and the CALIFORNIA CLASS Members were interrupted by work assignments while clocked out for what should have been their off-duty meal breaks, resulting in wage statement inaccuracies. Additionally, because PLAINTIFF and CALIFORNIA CLASS Members were paid on an hourly basis, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay periods in which the wages were earned pursuant to Cal. Lab. Code § 226(a). However, the wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period. When the hours shown on the wage state are added up, they do not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code § 226(a).    Aside from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under Cal. Lab. Code §226. Asa result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code §226.

13.     As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and other members of the CALIFORNIA CLASS their correct wages and accordingly owe waiting time penalties pursuant to Cal. Lab. Code Section 203. Further, PLAINTIFF is informed and believes and based thereon alleges that such failure was willful, such that PLAINTIFF and members of the CALIFORNIA CLASS whose employment has separated are entitled to waiting time penalties pursuant to Cal. Lab. Code Sections 201-203.

14.     DEFENDANT intentionally and knowingly failed to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment.  Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

15.     In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones via calls and texts in order to communicate with managers, supervisors, and co-workers, both on and off the clock, as a result of and in furtherance of their job duties and work assignments as employees for DEFENDANT, but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit.  Specifically, throughout the course of PLAINTIFF's employment, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cellular phones on average, two (2) calls per week, and an average of two (2) text messages per week, to discuss job assignments all to the benefit of DEFENDANT, while being off the clock. PLAINTIFF and other CALIFORNIA CLASS Members were also required by DEFENDANT to use their personal cellular phones on average, three to four (3-4) calls per

week, and an average of three to five (3-5) text messages per week, to discuss job assignments all to the benefit of DEFENDANT, while working on the clock. Additionally, PLAINTIFF and other CALIFORNIA CLASS Members were required to use their own personal power tools to complete their assigned work assignments, as the necessary power tools were often not available to employees. Specifically, Plaintiff was required to use his personal power drill, drill bits, screwdrivers, and scrappers, as these tools were necessary to complete his job duties, however such tools were missing or broken in DEFENDANT's tool box. As a result, PLAINTIFF's personal tools were damaged during the course of his employment. PLAINTIFF is informed, believes and thereon alleges that the CALIFORNIA CLASS Members also were required to use their personal cell phones and personal tools in furtherance of their job duties. As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

16.    Specifically as to PLAINTIFF, DEFENDANT failed to provide all the legally required off-duty meal and rest breaks to PLAINTIFF as required by the applicable Wage Order and Labor Code and failed to pay PLAINTIFF all minimum and overtime wages due to PLAINTIFF, as described herein. Specifically, DEFENDANT failed to pay PLAINTIFF for all wages due for the following pay periods: 4/29/2024-5/12/2024; 5/13/2024-5/26/2024; 5/27/2024-6/09/2024; and 6/10/2024-6/23/2024. DEFENDANT did not have a policy or practice which provided timely off-duty meal and rest breaks to PLAINTIFF and also failed to compensate PLAINTIFF for PLAINTIFF's missed meal and rest breaks. As a result, DEFENDANT's failure to provide PLAINTIFF with the legally required meal periods is evidenced by DEFENDANT's business records. Accordingly, PLAINTIFF is typical of the claims asserted on behalf of the CALIFORNIA CLASS. The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

///

///

1

**JURISDICTION AND VENUE**

2      17.    This action is brought as a Class Action on behalf of PLAINTIFFS and similarly

3  situated employees of DEFENDANT pursuant to Fed. R.Civ.Proc. 23(b)(2) and/or (3).

4      18.    Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391

5  because (i) DEFENDANT conducts and conducted  substantial business within this judicial

6  district, (ii) the causes of action alleged herein arise in whole or in part in this judicial district,

7  and (iii) DEFENDANT committed wrongful conduct against members of the class in this

8  district.

9

10

**THE CALIFORNIA CLASS**

11      19.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

12  Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, (the "UCL") as a Class Action,

13  pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a California class, defined as all

14  individuals who are or previously were employed by DEFENDANT in California, including any

15  employees staffed with DEFENDANT by a third party, and classified as non-exempt employees

16  (the "CALIFORNIA CLASS") at any time during the period beginning March 21, 2021 and

17  ending on the date as determined by the Court  (the "CALIFORNIA CLASS PERIOD").  The

18  amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five

19  million dollars ($5,000,000.00).

20      20.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

21  CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

22  accordingly.

23      21.    DEFENDANT, as a matter of company policy, practice and procedure, and in

24  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

25  requirements, and the applicable provisions of California law, intentionally, knowingly, and

26  wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks

27  missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT

28

enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

22.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws.  The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law.  This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, (the "UCL") as causation, damages, and reliance are not elements of this claim.

23.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

24.    DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

    (a)    Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed and overtime wages owed for work performed by these employees; and,

    (b)    Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

25.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

FIRST AMENDED CLASS ACTION COMPLAINT

(a)     The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, and declaratory issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was classified as a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFF and CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

26.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of

14

California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

   B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)    In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

27.    This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h) The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i) Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

28. DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

29. PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth causes Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period beginning on March 21, 2022 and ending on the date as determined by the Court  (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3). The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

30.     DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work.  DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

31.     DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

32.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

33.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)     Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

1    (b)    Whether DEFENDANT failed to provide the PLAINTIFF and the other
2           members of the CALIFORNIA LABOR SUB-CLASS with accurate
3           itemized wage statements;

4    (c)    Whether DEFENDANT has engaged in unfair competition by the
5           above-listed conduct;

6    (d)    The proper measure of damages and penalties owed to the members of the
7           CALIFORNIA LABOR SUB-CLASS; and,

8    (e)    Whether DEFENDANT's conduct was willful.

9    34.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS
10   under California law by:

11   (a)    Violating Cal. Lab. Code § 510, by failing to correctly pay the
12          PLAINTIFF and the members of the CALIFORNIA LABOR SUB-
13          CLASS all wages due for overtime worked, for which DEFENDANT is
14          liable pursuant to Cal. Lab. Code § 1194;

15   (b)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1, by failing to accurately
16          pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-
17          CLASS the correct minimum wage pay for which DEFENDANT is liable
18          pursuant to Cal. Lab. Code §§ 1194 and 1197;

19   (c)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the
20          members of the CALIFORNIA LABOR SUB-CLASS with an accurate
21          itemized statement in writing showing the corresponding correct amount
22          of wages earned by the employee;

23   (d)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide
24          PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-
25          CLASS with all legally required off-duty, uninterrupted thirty (30) minute
26          meal breaks and the legally required off-duty rest breaks;

27   (e)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that
28          when an employee is discharged or quits from employment, the employer

19

must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment; and,

(f)  Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of their job duties.

35.  This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)  The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)  Nearly all factual, legal, statutory, declaratory and issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)  The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's practice and policy which failed to pay the correct amount of wages due to the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.   PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and unfair misconduct engaged in by DEFENDANT; and,

20

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

36.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT fails to pay all wages due. Including the correct wages for

21

1  all time worked by the members of the CALIFORNIA LABOR SUB-

2  CLASS as required by law;

3  (c) Common questions of law and fact predominate as to the members of the

4  CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

5  violations of California Law as listed above, and predominate over any

6  question affecting only individual CALIFORNIA LABOR SUB-CLASS

7  Members, and a Class Action is superior to other available methods for

8  the fair and efficient adjudication of the controversy, including

9  consideration of:

10  1) The interests of the members of the CALIFORNIA LABOR SUB-

11  CLASS in individually controlling the prosecution or defense of

12  separate actions in that the substantial expense of individual

13  actions will be avoided to recover the relatively small amount of

14  economic losses sustained by the individual CALIFORNIA

15  LABOR SUB-CLASS Members when compared to the substantial

16  expense and burden of individual prosecution of this litigation;

17  2) Class certification will obviate the need for unduly duplicative

18  litigation that would create the risk of:

19  A. Inconsistent or varying adjudications with respect to

20  individual members of the CALIFORNIA LABOR SUB-

21  CLASS, which would establish incompatible standards of

22  conduct for the DEFENDANT; and/or,

23  B. Adjudications with respect to individual members of the

24  CALIFORNIA LABOR SUB-CLASS would as a practical

25  matter be dispositive of the interests of the other members

26  not parties to the adjudication or substantially impair or

27  impede their ability to protect their interests;

28

3)    In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

37.    This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h) The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who worked for DEFENDANT in California at any time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i) Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

///

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

38.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

39.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

40.    California Business & Professions Code §§ 17200, (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

41.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 221, 226.7, 246, 510, 512, 1194, 1197, 1197.1, 1198, 2802 and the Fair Labor Standards Act and federal regulations promulgated thereunder, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

42.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive,

unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld. PLAINTIFF's UCL claim focuses on whether DEFENDANT's business practices are misleading, unethical and in violation of California law, including the California Unfair Business Practices Act.

43.     By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated meal and rest periods, the required amount of compensation for missed meal and rest periods and overtime and minimum wages owed, failed to timely pay wages, and failed to reimburse all necessary business expenses incurred, and failed to provide Fair Labor Standards Act overtime wages due for overtime worked as a result of failing to include non-discretionary incentive compensation into their regular rates of pay for purposes of computing the proper overtime pay due to a business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, and for which this Court should issue equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

44.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

45.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally required meal breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

46.     Due to DEFENDANT's conduct, monetary damages would not fully compensate PLAINTIFF and the CALIFORNIA CLASS Members for the harm that they suffered. Many of the class members are current employees with ongoing violations that have and continue to

26

be inflicted upon them; thus, legal remedies, i.e., monetary damages would not remedy the work environment wherein DEFENDANT engaged and continues to engage in unlawful, unfair, and deceptive policies, practices and procedures as alleged herein. The purpose of the Cal. Lab. Code and applicable Wage Orders are to protect employees. Wage orders, like wage and hour laws, are construed so as to promote employee protection. (See *Frlekin v. Apple Inc.*, 8 Cal. 5th 1038, 1045 (2020) "Employees denied their rest and meal periods face greater risk of work-related accidents and increased stress, especially low-wage workers who often perform manual labor." (citing *Murphy v. Kenneth Cole Productions, Inc*., 40 Cal. 4th 1094, 1113 (2007). Moreover, California's legislative history indicates that the meal period provisions are not solely "aimed at protecting or providing employees' wages. Instead, [they are] primarily concerned with ensuring the health and  welfare of employees by requiring that employers provide meal … periods as mandated by the IWC." ( See *Donohue v. AMN Services, LLC*, 11 Cal. 5th 58, 70 (2021) [Citing  *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal.4th 1244, 1255 (2012).  As such, equitable relief would address an injury that damages could not.

47.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

48.    PLAINTIFF further demands on behalf of himself and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off duty paid rest period was not timely provided as required by law.

49.    By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

50.    All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200.

51.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

52.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

**SECOND CAUSE OF ACTION**

**For Failure To Pay Minimum Wages**

**[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

53.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

54.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor

28

Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

55.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

56.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

57.    Specifically, DEFENDANT failed to pay PLAINTIFF for all wages due for the following pay periods 4/29/2024-5/12/2024; 5/13/2024-5/26/2024; 5/27/2024-6/09/2024; and 6/10/2024-6/23/2024.

58.    DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work. As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

59.    DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that denies accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

60.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

61.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

62.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members to work without paying them for all the time they were under DEFENDANT's control. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

63.     By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

64.     DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

65.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them

1    of their property and legal rights, and otherwise causing them injury in order to increase

2    company profits at the expense of these employees.

3         66.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

4    therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as

5    well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided

6    by the California Labor Code and/or other applicable statutes.  To the extent minimum wage

7    compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members

8    who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§

9    201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties

10   under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these

11   CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein

12   was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA

13   LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

14

15                          **THIRD CAUSE OF ACTION**

16              **For Failure To Pay Overtime Compensation**

17                        **[Cal. Lab. Code § 510]**

18      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

19                              **Defendants)**

20        67.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

21   reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs

22   of this Complaint.

23        68.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

24   bring a claim for DEFENDANT's willful and intentional violations of the California Labor

25   Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay

26   these employees for all overtime worked, including, work performed in excess of eight (8)

27   hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any

28   workweek.

69.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

70.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit.  Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

71.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked, including overtime work.

72.    DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

73.    In committing these violations of the California Labor Code, DEFENDANT inaccurately recorded overtime worked and consequently underpaid the overtime worked by PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members.  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations. As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime worked.

32

74.     Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint.  Rather, PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

75.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for overtime worked that they are entitled to, constituting a failure to pay all earned wages.

76.     DEFENDANT failed to accurately pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay as evidenced by DEFENDANT's business records and witnessed by employees.

77.     By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true amount of time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

78.     DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime worked.  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and

33

1    DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members
2    of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

3        79.    In performing the acts and practices herein alleged in violation of California labor
4    laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for
5    all overtime worked and provide them with the requisite overtime compensation, DEFENDANT
6    acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and
7    the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter
8    disregard for their legal rights, or the consequences to them, and with the despicable intent of
9    depriving them of their property and legal rights, and otherwise causing them injury in order
10   to increase company profits at the expense of these employees.

11       80.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS
12   therefore request recovery of all overtime wages, according to proof, interest, statutory costs,
13   as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided
14   by the California Labor Code and/or other applicable statutes.  To the extent minimum and/or
15   overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS
16   Members who have terminated their employment, DEFENDANT's conduct also violates Labor
17   Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time
18   penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these
19   CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein
20   was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA
21   LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

22

23                    **FOURTH CAUSE OF ACTION**
24                **For Failure to Provide Required Meal Periods**
25                    **[Cal. Lab. Code §§ 226.7 & 512 ]**
26       **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**
27                            **Defendants)**
28

81.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

82.     During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods.  Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records from time to time.  Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work from time to time. A review of PLAINTIFF's wage statements reveals DEFENDANT failed to pay PLAINTIFF any meal break penalties in any of the following pay periods: 4/29/2024-5/12/2024; 5/13/2024-5/26/2024; 5/27/2024-6/09/2024; and 6/10/2024-6/23/2024 in which he experienced meal and rest violations as described above.  As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

83.     DEFENDANT further violates California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

84.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

**FIFTH CAUSE OF ACTION**

**For Failure to Provide Required Rest Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

85.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

86.    PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees from time to time were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers. A review of PLAINTIFF's wage statements reveals DEFENDANT failed to pay PLAINTIFF any rest break penalties in any of the following pay periods: 4/29/2024-5/12/2024; 5/13/2024-5/26/2024; 5/27/2024-6/09/2024; and 6/10/2024-6/23/2024 in which he experienced rest break violations as described above.

87.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

88.     As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

**SIXTH CAUSE OF ACTION**

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

89.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

90.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,
(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and

37

FIRST AMENDED CLASS ACTION COMPLAINT

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

91.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were paid on an hourly basis.  As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a). The wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period.  When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2).  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

92.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate.  Therefore, PLAINTIFF and the other members of the CALIFORNIA

1   LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the

2   initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each

3   violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according

4   to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for

5   PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

6

7

8                        **SEVENTH CAUSE OF ACTION**

9              **For Failure to Reimburse Employees for Required Expenses**

10                         **[Cal. Lab. Code § 2802]**

11      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

12                              **Defendants)**

13         93.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

14   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

15   of this Complaint.

16         94.    Cal. Lab. Code § 2802 provides, in relevant part, that:

17         An employer shall indemnify his or her employee for all necessary expenditures
           or losses incurred by the employee in direct consequence of the discharge of his
18         or her duties, or of his or her obedience to the directions of the employer, even
           though unlawful, unless the employee, at the time of obeying the directions,
19         believed them to be unlawful.

20         95.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by

21   failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

22   members for required expenses incurred in the discharge of their job duties for DEFENDANT's

23   benefit. DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

24   CLASS members for expenses which included, but were not limited to, costs related to using

25   their personal cellular phones on behalf of and for the benefit of DEFENDANT. Specifically,

26   PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required by

27   DEFENDANT to use their personal cellular phones and power tools in order to perform work

28

related job tasks.  DEFENDANT's policy and practice was to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones and power tools for DEFENDANT within the course and scope of their employment for DEFENDANT.  These expenses were necessary to complete their principal job duties. DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this expectation.  Although these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

96.    PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by himself and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

### EIGHTH CAUSE OF ACTION

**For Failure to Pay Wages When Due**

**[ Cal. Lab. Code §§ 201, 202, 203]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

97.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

98.    Cal. Lab. Code § 200 provides, in relevant part, that:
As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

99.    Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

100.    Cal. Lab. Code § 202 provides, in relevant part, that:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

101.    There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

102.    Cal. Lab. Code § 203 provides, in relevant part, that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

103.    The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law.  Additionally, at all times during the term of PLAINTIFF's employment with DEFENDANT, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members earned and accrued vested vacation and holiday time on the date of their termination pursuant to DEFENDANT's uniform vacation policies and applicable California law. The amount of vacation pay PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members earned and accumulated is evidenced by DEFENDANT's business records. Additionally, DEFENDANT also underpaid accrued vested vacation wages to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS MEMBERS by failing to pay such wages at the regular rate of pay and more specifically the final rate of pay that included all non-discretionary incentive compensation.   Rather than pay vacation wages at the regular rate of pay,

41

DEFENDANT underpaid vacation wages to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members at their base rates of pay, instead of including all of PLAINTIFF's and CALIFORNIA LABOR SUB-CLASS Members' non-discretionary incentive compensation into the vacation wage payment calculations. DEFENDANT failed to specify in DEFENDANT's written vacation policy the rate at which PLAINTIFF and other CALIFORNIA LABOR CLASS Members would be paid vacation upon leaving employment with DEFENDANT. As a result of DEFENDANT's unlawful practice, policy and procedure to deny paying the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS all of their vested vacation and holiday time, DEFENDANT failed to pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS all vested vacation time as wages due upon employment termination, in violation of the California Labor Code, Sections 201, 202, 203 and 227.3. Similarly, DEFENDANT underpaid waiting time penalties to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members at their base rates of pay, instead of including all of PLAINTIFF's and CALIFORNIA LABOR SUB-CLASS Members' non-discretionary compensation into the waiting time penalty calculations. This failure by DEFENDANT is believed to be the result of DEFENDANT's unlawful, unfair and deceptive refusal to provide compensation for earned, accrued and vested vacation and holiday time, as well as the corresponding waiting time penalties that were paid. DEFENDANT perpetrated this unlawful, unfair and deceptive practice to the detriment of the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS . DEFENDANT's uniform practice and policy of failing to pay the LABOR SUB-CLASS Members for all vested vacation and holiday time accumulated at employment termination violated and continues to violate Section 227.3 of the California Labor Code.

109.    Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who have not been fully paid their wages due to them, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated

employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## NINTH CAUSE OF ACTION

### For Failure to Pay Sick Pay Wages

### [ Cal. Lab. Code §§ 201-203, 233, 246]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

110.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

11      Cal Lab. Code § 233 provides that an employer must permit an employee to use accrued sick leave in accordance with Cal Lab. Code § 246.5 at the employee's then current rate of entitlement.  Cal Lab. Code § 246 provides that an employee is entitled to sick pay wages for use of accrued sick leave pursuant to Cal Lab. Code § 246.5.  Specifically, once accrued sick leave is used as paid sick time, an employee has a vested right to sick pay wages, which an employer must calculate and compensate based on one of two calculations: (i) "Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek," or (ii) "Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." Under Cal. Code §§ 218 and 233, employees may sue to recover underpaid sick pay wages as damages.

112.    As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS at the incorrect rate of pay.  PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS regularly use accrued sick leave in the workweeks in which they also earn non-hourly remuneration.  As a matter of policy and practice, DEFENDANT pays sick pay wages to

1  PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS at the base

2  hourly pay, as opposed to the regular rate of pay, which would consider all non-hourly

3  remuneration in addition to base hourly wages, or the rate resulting from dividing the

4  employee's total wages, not including overtime premium pay, by the employee's total hours

5  worked in the full pay periods of the prior 90 days of employment.  As a result, DEFENDANT

6  underpaid sick pay wages to PLAINTIFF and the other members of the CALIFORNIA

7  LABOR-SUB-CLASS.

8      113.    Cal. Lab. Code § 246 specifically requires that, upon use of accrued sick leave,

9  vested sick pay wages are due and to be paid no later than the payday for the next regular

10 payroll period after accrued sick leave is used as paid sick time.  Similarly, Cal. Lab. Code §

11 201 provides that if an employer discharges an employee, wages earned and unpaid at the time

12 of discharge are due and payable immediately. Cal. Lab. Code § 202 provides that an employee

13 is entitled to receive all unpaid wages no later than 72 hours after an employee quits his or her

14 employment, unless the employee has given 72-hour notice of his or her intention to quit, in

15 which case the employee is entitled to his or her wages at the time of quitting.  The Labor Code

16 penalizes untimely payments.  For example, Cal. Lab. Code § 203 provides that if an employer

17 willfully fails to pay wages owed in accordance with Cal. Lab. Code §§ 201-202, then the

18 wages of the employee shall continue as a penalty from the due date, and at the same rate until

19 paid, but the wages shall not continue for more than thirty (30) days.  Under Cal. Lab. Code §§

20 203 and 218, employees may sue to recover applicable penalties.

21     114.    As alleged herein and as a matter of policy and practice, DEFENDANT

22 routinely underpays sick pay wages and thus did not timely pay PLAINTIFF and the other

23 members of the CALIFORNIA LABOR-SUB-CLASS all owing and underpaid sick pay wages.

24 As a result, DEFENDANT violates Cal. Lab. Code §§ 201-203, 233, and 246, among other

25 Labor Code provisions.  PLAINTIFF is informed and believes that DEFENDANT was advised

26 by skilled lawyers and knew, or should have known, of the mandates of the Labor Code as it

27 relates to PLAINTIFF's allegations, especially since the California Supreme Court has

28 explained that "[c]ourts have recoginzed that 'wages' also include those benefits to which an

44

1  employee is entitled as a part of his or her compensation, including money, room, board,

2  clothing, vacation pay, *and sick pay*." *Murphy v. Kenneth Cole Prods., Inc*., 40 Cal. 4th 1094,

3  1103 (2007)(emphasis added). Because DEFENDANT willfully fails to timely pay PLAINTIFF

4  and the other members of the CALIFORNIA LABOR-SUB-CLASS all sick pay wages due,

5  DEFENDANT is subject to applicable penalties.

6      115.    Such a pattern, practice, and uniform administration of corporate policy is

7  unlawful and entitles PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-

8  CLASS to underpaid sick pay wages, including interest thereon, applicable penalties, attorney's

9  fees, and costs of suit.

10

11                        **PRAYER FOR RELIEF**

12      WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and

13  severally, as follows:

14  1.  On behalf of the CALIFORNIA CLASS:

15      A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

16            CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

17      B)    An order requiring DEFENDANT to pay all wages and all sums unlawfully

18            withheld from compensation due to PLAINTIFF and the other members of the

19            CALIFORNIA CLASS; and,

20      C)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

21            for restitution of the sums incidental to DEFENDANT's violations due to

22            PLAINTIFF and to the other members of the CALIFORNIA CLASS.

23  2.  On behalf of the CALIFORNIA LABOR SUB-CLASS:

24      A)    That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth

25            and Ninth Causes of Action asserted by the CALIFORNIA LABOR SUB-

26            CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

27      B)    Compensatory damages, according to proof at trial, including compensatory

28            damages for minimum and overtime compensation due PLAINTIFF and the other

45

members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C)     The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

D)     Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order;

E)     For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197;

F)     The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.; and,

G)     The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3.     On all claims:

A)     An award of interest, including prejudgment interest at the legal rate;

B)     Such other and further relief as the Court deems just and equitable; and,

C)     An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §221, §226, §1194, and/or §2802.

///

///

///

46

1    Dated: October 17, 2025          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

2

3                                     By:   */s/ Norman B. Blumenthal*
                                           Norman B. Blumenthal
4                                          Nicholas J. De Blouw

5                                     *Attorneys for Plaintiff*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

1

## **DEMAND FOR A JURY TRIAL**

2      PLAINTIFF demands a jury trial on issues triable to a jury.

3

4   Dated: October 17, 2025          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6                                By:   */s/ Norman B. Blumenthal*

7                                      Norman B. Blumenthal
                                       Nicholas J. De Blouw

8                                      *Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT