United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

TRAVIS FRANKLIN,

        Plaintiff,

    v.

HOME DEPOT U.S.A., INC.,

        Defendant.

Case No.  25-cv-03657-BLF

**ORDER GRANTING DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO STRIKE PLAINTIFFS' THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND**

[Re: ECF No. 71]

Before the Court is Defendant Home Depot U.S.A., Inc.'s ("Home Depot") Motion to Strike the Third Amended Consolidated Class Action Complaint.  ECF No. 71 ("Mot."); *see also* ECF No. 78 ("Reply").  Plaintiffs Travis Franklin and Travon Newman oppose.  *See* ECF No. 77 ("Opp.").  The Court held a hearing on the motion on April 9, 2026.  ECF No. 81.  For the reasons stated by the Court on the record at the hearing and those that follow, the Court GRANTS the motion to strike the class allegations with leave to amend.

**I.    BACKGROUND**

This wage-and-hour putative class action was initially filed by Mr. Franklin in the Superior Court of California, County of Monterey.  ECF No. 1-1.  After removing, Home Depot filed a motion to dismiss and/or strike the complaint, ECF No. 18, which the Court granted, ECF No. 41 ("Prior Order").  Mr. Franklin subsequently filed first and second amended complaints.  ECF Nos. 42, 52.

Separately, Mr. Newman filed his initial complaint in the Superior Court of California, Los Angeles County.  Case No. 25-cv-09873-BLF, ECF No. 1-1.  After Home Depot removed Mr. Newman's action to the Central District of California, the Court granted the Parties' stipulation to transfer to the Northern District of California.  *See* Case No. 25-cv-09873-BLF, ECF

Nos. 1, 9. On December 23, 2025, the Court consolidated the actions and directed Plaintiffs to file a consolidated amended complaint. ECF No. 62.

Mr. Franklin and Mr. Newman filed the Third Amended Consolidated Class Action Complaint on January 22, 2026. ECF No. 68 ("TAC"). Mr. Franklin was employed by Home Depot from June 2021 to July 2024 as a night shift Travel Merchandizing Execution Associate in Salinas, California. TAC ¶ 3. Mr. Newman, a California resident, worked for Home Depot from November 1, 2024, to January 30, 2025. *Id.* The TAC does not specify what role he had, what his duties were, or where he worked. The TAC asserts that Plaintiffs were classified by Home Depot as "non-exempt employees, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked." *Id.* Plaintiffs allege that Home Depot violated California's Unfair Competition Law ("UCL") and various provisions of California's Labor Code.

The TAC lists conduct on the part of Home Depot that has led to labor code violations. For instance, a confluence of Home Depot's alleged practices resulted in its failing to pay Plaintiffs for all the time they worked. Plaintiffs would arrive early to speak to their managers or stand in line to clock in on time. TAC ¶ 7. Work meetings took place while Plaintiffs were clocked out for their meal and rest periods and Plaintiffs were required to take work-related phone calls during off hours. *Id.* Home Depot would also direct Plaintiffs to complete their work within unrealistic time periods, such that they were unable to take off duty meal breaks. TAC ¶ 10. Plaintiffs were allegedly required to use their own cell phones to communicate with their colleagues but were not reimbursed for the costs associated therewith. TAC ¶ 15. These are just a few examples of the unlawful conduct asserted in the TAC.

The TAC is mostly styled as a boilerplate recitation of labor code violations. However, the TAC also includes facts specific to Mr. Franklin. For instance, he was frequently interrupted during rest and meal breaks due to phone calls and emails from his supervisor, Matthew Castrajon. TAC ¶¶ 10–11. Likewise, Mr. Franklin was allegedly required to use "his personal power drill, drill bits, screwdrivers, and scrappers, as these tools were necessary to complete his job duties,"

but he was not reimbursed when the tools were damaged.  TAC ¶ 15.  The TAC also identifies specific pay periods in which Mr. Franklin was not paid all the wages owed.  TAC ¶ 9.

Plaintiffs bring eight claims: (1) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*); (2) Failure to Pay Minimum and Hourly Wages (Cal. Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1197.1 and 1198); (3) Failure to Pay Overtime Compensation (Cal. Lab. Code § 510); (4) Failure to Provide Required Meal Periods (Cal. Lab. Code §§ 226.7 and 512); (5) Failure to Provide Required Rest Periods (Cal. Lab. Code §§ 226.7 and 512); (6) Failure to Provide Accurate Itemized Statements (Cal. Lab. Code § 226); (7) Failure to Reimburse Employees for Required Expenses (Cal. Lab. Code § 2802); and (8) Failure to Pay Wages When Due (Cal. Lab. Code §§ 201, 202, and 203).  TAC ¶¶ 38–110.  Plaintiffs bring the UCL claim on behalf of the Class (defined as all non-exempt Home Depot California employees since March 21, 2021, TAC ¶ 4) and bring their remaining seven claims on behalf of a Labor Sub-Class (covering the same group of all non-exempt employees since March 21, 2022, TAC ¶ 29).

In response to the Prior Order, Mr. Franklin has cured the deficiencies as to his claims by adding specific allegations that pertain to him.  By contrast, the TAC is short on facts as to Mr. Newman.  In the instant motion, Home Depot does not challenge the adequacy of Plaintiffs' claims, instead asking the Court to strike Plaintiffs' class allegations because they fail to plead facts sufficient to plausibly allege the claims on a classwide basis.

## II.   LEGAL STANDARD

### A.   Motion to Strike

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery."  *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009).

### B.   Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the

United States District Court
Northern District of California

3

Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1051–52. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* at 1052. However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

## III.    REQUESTS FOR JUDICIAL NOTICE

Plaintiffs and Home Depot have each submitted a request for judicial notice. A court may take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

### A.    Plaintiffs' Request for Judicial Notice

Plaintiffs request that the Court take judicial notice of a March 30, 2018, Order Granting Motion for Class Certification in *Utne v. Home Depot U.S.A. Inc.*, Case No. 16-cv-01854-RS at ECF No. 92. *See* ECF No. 77-1 ("Pl. RJN"). Home Depot does not oppose. Because court documents are proper subjects of judicial notice, the Court grants Plaintiffs' request.

### B.    Home Depot's Request for Judicial Notice

Home Depot requests that the Court take judicial notice of two exhibits. ECF No. 78-1 ("Def. RJN"). The first is a Joint Stipulation of Class Action and PAGA Settlement and Release executed on June 20, 2023, and filed in *Utne v. Home Depot U.S.A., Inc.,* Case No. 16-cv-01854-RS at ECF No. 363-1. *Id.* Ex. A. Because court documents are proper subjects of judicial notice, the Court grants Home Depot's request with respect to Exhibit A. The second is a redacted copy of the June 3, 2024, check cashed by Mr. Franklin in connection with *Utne v. Home Depot U.S.A.,*

United States District Court
Northern District of California

*Inc.*, Case No. 3:16-cv-01854-RS. *Id.* Ex. B. The Court finds that this document is not subject to subject to reasonable dispute and thus grants Home Depot's request with respect to Exhibit B.

## IV.   DISCUSSION

Home Depot argues that Plaintiffs' class claims are deficient because Plaintiffs are not similarly situated to other class members and the alleged class and sub-class are not ascertainable. Plaintiffs contend that the class claims are adequately stated and striking them would be premature at the pleading stage.

### A.   Commonality and Typicality

Home Depot urges the Court to strike Plaintiffs' class allegations because Plaintiffs have failed to plead facts sufficient to show they are similarly situated to other class members. Mot. at 11–21. According to Plaintiffs, their claims are common to and typical of the class and are alleged with sufficient detail. Opp. at 8–11.

Rule 23(a) of the Federal Rules of Civil Procedure "ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). "The Rule's four requirements—numerosity, commonality, typicality, and adequate representation—'effectively limit the class claims to those fairly encompassed by the named plaintiff's claims.'" *Id.* (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982)). Home Depot's challenges go to the commonality and typicality requirements. Rule 23(a)(2) requires that a plaintiff show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). As to typicality, Rule 23(a)(3) requires that the representative parties' claims are typical of the claims of the class. Fed. R. Civ. P. 23(a)(3).

In support of their argument that Plaintiffs' claims are not common to or typical of the class, Home Depot refers the Court to *Mish v. TForce Freight, Inc.*, No. 21-cv-04094-EMC, 2021 WL 4592124 (N.D. Cal. Oct. 6, 2021), a wage-and-hour case in which the Court dismissed the plaintiff's class allegations, *id.* at *8–9. The *Mish* court acknowledged that, generally speaking, "compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim." *Id.* at *8 (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir. 1969)). However, the court also recognized that dismissal of class allegations is sometimes appropriate

United States District Court
Northern District of California

United States District Court
Northern District of California

where "the complaint lacks *any* factual allegations and reasonable inferences that establish the plausibility of class allegations." *Id.* (collecting cases); *see also Zamora v. Penske Truck Leasing Co.*, No. 20-cv-02503-ODW, 2021 WL 809403, at *3 (C.D. Cal. Mar. 3, 2021) (finding that broad class allegations unsupported by factual allegations "will not do"); *Johnson v. Air Prods. & Chems., Inc.*, No. 22-cv-07327-JLS-PD, 2023 WL 2663279, at *5 (C.D. Cal. Jan. 26, 2023) (dismissing class allegations on behalf of an all California non-exempt class where the violations related only to drivers and the plaintiff did not allege that "all employees drove trucks, or, if other employees were differently employed, how they too" were impacted by the same labor code violations). The *Mish* court concluded that none of the class allegations was supported by any specific facts showing that the alleged labor code violations were universal to the putative class. 2021 WL 459124, at *9.

Mish* is on point and persuasive. Although Plaintiffs assert that common questions of fact exist as to each of the two classes and the claims are typical of all class members, TAC ¶¶ 26, 33, Plaintiffs merely repeatedly state that Home Depot has a policy and practice to violate California labor laws. These vague allegations are not sufficient to bring the claims on behalf of a class. It is true that Plaintiffs now allege facts specific to Mr. Franklin. But Plaintiffs include no information about Mr. Newman, such as his role, duties, or work station. Accordingly, the Court cannot determine whether the violations alleged pertain to Mr. Newman, let alone every non-exempt Home Depot employee in California. The remaining allegations are stated in a conclusory fashion. As the Court explains in detail below, such barebones assertions do not support a plausible inference that the allegations are common to the class.

Plaintiffs' reliance on *Ramirez v. HV Global Management Corp.*, 2023 WL 4410944 (N.D. Cal. July 6, 2023), does not compel a contrary result. In that wage-and-hour case, this Court did not dismiss the class allegations because "[m]any of Plaintiff's allegations point[ed] to the Employee Handbook," which was sufficient to bring the claims on a classwide basis. Here, there are no such allegations. *See Rubalcaba v. R&L Carriers Shared Servs., L.L.C.*, No. 23-cv-06581-HSG, 2025 WL 722442, at *5–6 (N.D. Cal. Mar. 6, 2025) (dismissing class allegations in a wage-

and-hour case where the plaintiff "had not substantiated his pleadings with any facts regarding [the alleged] policies, such as how they operate, who they affect, and what they concern").

### 1. Claims 2 and 3 – Minimum and Overtime Wages

The TAC asserts that owing to Home Depot's policies and practices, Plaintiffs were not compensated for all hours worked. TAC ¶¶ 8–9. Plaintiffs contend that those allegations are sufficient to bring their claims on behalf of the class. Opp. at 9. The Court disagrees.

Plaintiffs first point to the allegation that plaintiffs and "other employees were not paid for all hours worked because on shifts when the store is closed to the public, they must wait off the clock for a manager to unlock the store door and let them out" and note that another court in this district previously certified such a "lock-in" class. *Id.* (citing TAC ¶ 7 and *Utne v. Home Depot U.S.A., Inc.*, No. 16-cv-01854-RS, 2018 WL 1989499, at *6 (N.D. Cal. Mar. 30, 2018)). *Utne* is distinguishable. That class certification ruling relied on Home Depot's closing procedures, which "create[d] the possibility employees will not be able to exit immediately after clocking out." *Utne*, 2018 WL 1989499, at *5. As Home Depot correctly argues, Reply at 5, the TAC is devoid of any facts identifying the existence of such a policy.

Furthermore, while Plaintiffs now allege that Mr. Franklin had to wait for three minutes to clock in at the Salinas, California, Home Depot retail store and arrived at work 10-to-15 minutes before his shift to discuss work assignments with his supervisor without pay, TAC ¶¶ 3, 7, 8, 12, Plaintiffs do not offer any facts showing that such issues were common to every non-exempt employee—including Mr. Newman, about whom Plaintiffs allege nothing—in California. The Court cannot extrapolate from Mr. Franklin's personal experience that "the alleged violations by [Home Depot] applied uniformly to each putative class member in the two alleged subclasses." *Thompson v. Falstaff, LLC*, No. 22-cv-3584-SVW-MAA, 2022 WL 4109450, at *9 (C.D. Cal. Sept. 8, 2022). Indeed, "Plaintiff[s] ha[ve] not adequately alleged that these policies even exist." *Rubalcaba*, 2025 WL 722442, at *6.

Plaintiffs also allege a "uniform policy" or "uniform practice" of "rounding the actual time worked" and directing employees to work off the clock. *See* TAC ¶¶ 7–8. For one thing, the allegations are conclusory. For another, Plaintiffs appear to be merging the issues. The alleged

practices give rise to two different violations.  Time rounding refers to adjusting the actual hours recorded by rounding the recorded start and end times to the nearest increment.  Directing employees to work off the clock refers to the situation where employees perform tasks while they are clocked out.  Plaintiffs are advised to disentangle these claims.

In sum, the Court GRANTS Home Depot's motion to strike WITH LEAVE TO AMEND, so Plaintiffs may either add a sufficient factual basis for their class allegations as to claims 2 and 3 or narrow the class.

### 2.  Claims 4 and 5 – Meal Periods and Rest Breaks

Plaintiffs' allege that they were denied meal and rest periods.  TAC ¶¶ 10–11.  While Plaintiffs contend that their meal and rest period claims are plausibly stated as to the class, Opp. at 9–10, Home Depot urges that the Court "has no basis to infer whether each member of the putative class" was subject to constraints that would lead them to miss their legally required meal and rest breaks, Mot. at 18.

Home Depot has the better argument.  Plaintiffs allege some specific facts as to why Mr. Franklin missed rest and meal breaks—time-sensitive assignments, phone calls and emails from his supervisor, and mandatory work meetings.  TAC ¶¶ 10–11.  But Plaintiffs do not include any facts that would demonstrate that the rest of the putative class members were plausibly subject to similar violations.  For instance, Plaintiffs assert that Home Dept required Plaintiffs and the putative class to complete assignments "within unrealistic time frames," such that work encroached on their off-duty meal breaks.  TAC ¶ 10.  But the TAC is devoid of any specific facts that make this allegation plausible.  To the contrary, one employee's need to finish a task like "installing shelving units and hooks, and emptying merchandise bays" before the end of a shift, TAC ¶ 7, would not apply to an employee who works as corporate paralegal or cashier.  In sum, the meal period and rest break class allegations "amount to conclusory assertions of [Home Depot's] classwide conduct without sufficient factual basis."  *Mish*, 2021 WL 4592124, at *9. Accordingly, the Court GRANTS Home Depot's motion to strike WITH LEAVE TO AMEND, so Plaintiffs may either add a sufficient factual basis for their class allegations as to claims 4 and 5 or narrow the class.

### 3. Claims 6 and 8 – Wage Statement and Waiting Time

Because Plaintiffs' wage statement and waiting time class claims are derivative of their other, insufficient class claims, TAC ¶¶ 7–13, 95–98, 103–10, they are subject to dismissal. The Court thus GRANTS Home Depot's motion to strike the class allegations as to claims 6 and 8 WITH LEAVE TO AMEND.

### 4. Claim 7 – Business Expenses

Plaintiffs allege that Home Depot "intentionally and knowingly failed to reimburse and indemnify" the putative class members for "required business expenses incurred . . . in direct consequence of discharging their [employment-related] duties." TAC ¶ 14. According to the TAC, Plaintiffs and the putative class members were required to use their personal cell phones to communicate with their colleagues and were also required to use "their own personal power tools to complete their assigned work." TAC ¶ 15. Plaintiffs do not point to any written policy. As Home Depot persuasively argues, Mot. at 19, these factual allegations are not generalizable to the experience of every non-exempt Home Depot employee in California. It is not plausible that a cashier at a retail store or a bookkeeper would use "power drill[s], drill bits, screwdrivers, and scrappers" in connection with their work. *See* TAC ¶ 15. Office workers would not use "their own personal cellular phones via calls and texts," *id.*—they would have phones and computers at their desks. Accordingly, the Court GRANTS Home Depot's motion to strike WITH LEAVE TO AMEND, so Plaintiffs may either add a sufficient factual basis for their class allegations as to claim 7 or narrow the class.

### 5. Claim 1 – UCL

Plaintiffs' UCL claim is derivative of their other claims. TAC ¶¶ 19–28, 38–52. Because Plaintiffs' underlying class allegations are deficient, the Court GRANTS Home Depot's motion to strike claim 1 WITH LEAVE TO AMEND.

## B. Ascertainability

Home Depot contends that the putative classes are not ascertainable because they are too broad. Mot. at 21–22. Plaintiffs respond that striking the class claims is premature at this stage. Opp. at 14. A class must be ascertainable to be certified. *See Tietsworth*, 720 F. Supp. 2d 1123,

United States District Court
Northern District of California

1146 (N.D. Cal. 2010).  Class claims may be stricken as unascertainable at the pleading stage "where the class definition is obviously defective in some way," such as where it is overbroad. *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1221 (N.D. Cal. 2014).  For the reasons described above, Plaintiffs' classes—which include all non-exempt Home Depot employees in California—encompass individuals who could not have been subject to the practices asserted in the TAC.  It is simply not plausible that all non-exempt California employees would have had a similar experience to Mr. Franklin, who worked with power tools during the night shift.  TAC ¶¶ 3, 15.  Indeed, those with corporate day jobs would not have used tools or been locked in the retail store at off hours.  Because the class definition is plainly overbroad, the Court agrees with Home Depot that the class is not ascertainable and GRANTS Home Depot's motion to strike the class allegations WITH LEAVE TO AMEND.

\*       \*       \*

The Court concludes that this is among the rare cases where class allegations are so deficient that it would be prejudicial to "'force Defendant on a deep-sea charter [of class discovery]." *Zamora*, 2021 WL 809403, at \*3.  The Court further observes that the TAC alleges no facts as to Mr. Newman and advises Plaintiffs to include specific allegations as to him in any amended complaint.

## V.     ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1)     The motion to strike the class allegations is GRANTED WITH LEAVE TO AMEND.

(2)     Plaintiffs SHALL file a fourth amended complaint within 30 days of the date of this order, on or before **May 4, 2026**.[1]  Plaintiffs may not add new claims or parties without express leave of the Court.

Dated:  April 3, 2026

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] At the hearing, the Court inaccurately stated that the last day to file a motion for class certification is August 27, 2026, pursuant to ECF No. 35.  The deadline to file a class certification motion is **January 27, 2027**, per ECF No. 80.  The Court notes that this later date leaves ample time for Plaintiffs to conduct discovery prior to filing such a motion.

11